Jay J. Kiiha, WSBA # 43830, ISB # 6763
Daniel Nevala, ISB # 6443
CAPITOL LAW GROUP PLLC
PO Box 2598
205 N. 10th Street
Boise, Idaho 83702
Telephone: (208) 424-8872
Facsimile: (208) 424-8874
jkiiha@capitollawgroup.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Additional Counsel Listed on Signature Page*
*Attorneys for Movant*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BRICKLAYERS OF WESTERN PENNSYLVANIA PENSION PLAN, *Individually and On Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> vs. <br><br> HECLA MINING COMPANY, PHILLIPS S. BAKER, JR. and JAMES A. SABALA, <br><br> Defendants. | Civil Action No.: 12-cv-00042-BLW <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF BUDDY COX'S MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT LEAD PLAINTIFF AND TO APPROVE THE SELECTION OF LEAD AND LIAISON COUNSEL |
| JOSEPH S. VITA 2001 REVOCABLE TRUST and JOSEPH S. VITA, IRA, *Individually and On Behalf of All Other Persons Similarly Situated*, <br><br> vs. <br><br> HECLA MINING COMPANY, PHILLIPS S. BAKER, JR. and JAMES A. SABALA, <br><br> Defendants. | Civil Action No.: 12-cv-00067-EJL |

# TABLE OF CONTENTS

I. Summary of Argument ................................................................................................... - 1 -

II. Statement of Facts .......................................................................................................... - 1 -

III. Argument ........................................................................................................................ - 2 -

    A. The two related cases should be consolidated ........................................................ - 2 -

    B. Cox satisfies the requirements of the PSLRA and should be appointed to serve as the Lead Plaintiff .......................................................................................................... - 3 -

        1. Cox has complied with the procedural requirements of the PSLRA and filed a timely motion to be appointed as Lead Plaintiff ........................................... - 4 -

        2. Cox has the requisite financial interest in the relief sought by the Class ..... - 5 -

        3. Cox satisfies Rule 23 ................................................................................... - 5 -

    C. Cox's choice of lead and liaison counsel should be approved ................................ - 6 -

IV. CONCLUSION ............................................................................................................. - 7 -

Class Member, Buddy Cox ("Cox" or "Movant") respectfully submits this memorandum of law in support of his motion to: (1) consolidate related cases; (2) appoint him as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approve his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the class and Capitol Law Group PLLC ("CLG") as Liaison Counsel for the class.

## I.   SUMMARY OF ARGUMENT

Pending before the court are two securities class actions brought on behalf of purchasers of Hecla Mining Company ("Hecla" or the "Company") securities during the period between October 26, 2010 and January 11, 2012 ("Class Period"). This action is brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The PSLRA sets forth the manner by which courts are to select a lead plaintiff. Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4 (a)(3)(B)(iii).

Here, Cox should be appointed as lead plaintiff because: (1) he timely filed for appointment as lead plaintiff; (2) to the best of his knowledge, Cox has the largest financial interest in the outcome of this litigation; and (3) Cox will adequately represent the interests of the class. *See id.* Additionally, Cox has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff," Cox's selection of Hagens Berman as lead counsel and CLG as liaison counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(b)(v).

## II.   STATEMENT OF FACTS

The complaint charges Hecla and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Hecla is engaged in discovering, acquiring, developing, producing, and marketing silver, gold, lead and zinc. The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. Specifically, defendants failed to disclose operational problems at Hecla's Lucky Friday silver mine. As a result of defendants' false statements, Hecla's stock traded at artificially inflated prices

during the Class Period, reaching a high of $11.34 per share on December 29, 2010. Due to a series of accidents at the Lucky Friday mine during 2011, the Mine Safety and Health Administration ("MSHA") engaged in a close inspection of the mine.

In early December, MSHA issued an accident report accusing Hecla of safety failures that led to the death of a miner in April 2011. Thereafter, on January 5, 2012, MSHA issued a closure order for the Lucky Friday mine for the removal of built-up material in the shaft that had been leaking from a pipe into the shaft for a number of years. On January 11, 2012, Hecla announced that the Lucky Friday mine would be closed for up to a year based upon MSHA's order. As a result of the closure, Hecla reduced its estimated silver production for 2012 from more than 9 million ounces to around 7 million ounces. On this news, Hecla stock dropped $1.23 per share, to close at $4.61 per share on January 11, 2012, a one-day decline of 21%.

According to the complaint, during the Class Period, defendants knew but concealed from the investing public the following adverse facts: (a) the Company was not in compliance with safety regulations at its Lucky Friday mine; (b) the Company had allowed sand and concrete material to improperly build up in the mine shaft over a period of years, creating a safety hazard; (c) following the December closure, the Company would be unable to reestablish mining operations at the Lucky Friday mine by February 2012, as the Company had previously represented; (d) the Company improperly accounted for its contingent liabilities in violation of Generally Accepted Accounting Principles; and (e) based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company's operations and its expected silver production.

### III.   ARGUMENT

**A.   The two related cases should be consolidated**

"[I]f more than one action on behalf of a class asserting substantially the same claim or claims" is filed, the PSLRA requires courts to consider motions to consolidate related actions prior to appointing a Lead Plaintiff.[1]   Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper

---

[1] *See*, *e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414, 2010 U.S. Dist. LEXIS 93614, at *8-9 (W.D. Wash. Aug. 2, 2010) (consolidating related actions prior to appointing lead plaintiff).

for cases involving common questions of law and fact.[2]  "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate."[3]  Securities class actions are particularly well suited to consolidation because their unified treatment expedites pretrial proceedings, reduces case duplication and minimizes expenditure of time and money by the parties and the Court.[4]

To date, two related securities class action cases against Hecla have been filed before this Court. The pending actions are:

| Case | Number | Date Filed |
| --- | --- | --- |
| *Bricklayers of Western Pennsylvania Pension Plan v. Hecla Mining Company, et al.* | 12-cv-00042-BLW | 02/01/2012 |
| *Joseph S. Vita 2001 Revocable Trust, et al. v. Hecla Mining Company, et al..* | 12-cv-00067-EJL | 02/14/2012 |

Each of the Related Actions is on behalf of purchasers of Hecla securities who purchased in reliance on the Defendants' materially false and misleading statements and/or omissions during the Class Period.  The two related cases name identical defendants and assert essentially similar and overlapping claims for alleged violations of the federal securities laws and are based on a common set of facts.  Accordingly, the Related Actions are appropriate for and should be consolidated.

B.  **Cox satisfies the requirements of the PSLRA and should be appointed to serve as the Lead Plaintiff**

The PSLRA establishes the procedure for appointing a Lead Plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.[5]

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as Lead Plaintiff.[6]  Here, the relevant notice was published on BUSINESS WIRE[7] on February 1, 2012.[8]  Within 60

---

[2] *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).
[3] *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).
[4] *Id.*; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (S.D.N.Y 1998).
[5] 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).
[6] 15 U.S.C. § 78u-4(a)(3)(A)(i).
[7] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or

days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action.[9]

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.[10]  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or **group of persons** that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[11]

### 1. Cox has complied with the procedural requirements of the PSLRA and filed a timely motion to be appointed as Lead Plaintiff

All class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by April 2, 2012[12]  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 2, 2012), Cox hereby moves this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the class.

---

wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996); *see Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).
Here as elsewhere, all emphasis is added and internal citations are omitted, unless otherwise noted.
[8] *See* Declaration of Reed R. Kathrein in Support of Motion to Consolidate Related Cases, to Appoint Lead Plaintiff and to Approve The Selection of Lead and Liaison Counsel ("Kathrein Decl."), Ex. A.
[9] 15 U.S.C. § 78u-4(a)(3)(A)(II).
[10] 15 U.S.C. § 78u-4(a)(3)(B).
[11] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).
[12] 15 U.S.C. § 78u-4(a)(3)(A)(II).

## 2. Cox has the requisite financial interest in the relief sought by the Class

During the Class Period, Cox purchased 155,500 shares of Hecla and expended $1,165,299.74 to purchase those shares.[13] As a result of his Hecla purchases, Cox suffered losses of approximately $44,585.90[14]. Accordingly, upon information and belief, Cox possesses the largest financial interest in the outcome of this litigation and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

## 3. Cox satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the Lead Plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.[15]

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.[16] Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.[17] The Court should consider whether movant's circumstances "are markedly different or … the

---

[13] *See* Kathrein Decl., Ex. B (Cox's Certification).
[14] *See* Kathrein Decl., Ex. C (Loss Calculations).
[15] *See In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).
[16] *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).
[17] *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent

legal theory upon which the claims [of that movant] are based differs from that upon which the claims of other class members will perforce be based." [18] The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Cox satisfies the typicality requirement of Rule 23 because, just like all other class members, he: (1) purchased Hecla securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Cox's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation.[19]

Here, Cox is an adequate representative of the class because his interest in aggressively pursuing the claims against Defendants is clearly aligned with the interests of the members of the class, who similarly suffered losses because of Defendants' false statements to the market. There is no antagonism between Cox's interests and those of the other members of the class. In addition, as demonstrated below, Cox's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Cox *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

C.     **Cox's choice of lead and liaison counsel should be approved**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Cox as the presumptively most adequate plaintiff, has selected Hagens Berman as Lead Counsel, subject to this Court's approval. Hagens Berman is very experienced in class action litigation, and particularly in securities litigation, where it has achieved numerous successes throughout the country and in this Court.

---

class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'").
[18] *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988).
[19] *See Cree*, 219 F.R.D. at 372.

For example, Hagens Berman has successfully prosecuted securities class actions against Boeing ($92.5 million settlement), Nordstrom, Mercer International, Wall Data, Midisoft, Piper Jaffray and numerous others. Elsewhere throughout the country, Hagens Berman recently settled a securities fraud class action against Charles Schwab for $235 million, and has previously been appointed lead counsel in *Morrison Knudsen* ($63 million), *Raytheon/Washington Group* ($39 million), *Boston Chicken* and numerous other cases.[20]

CLG is a general services litigation and transactional firm in Boise, Idaho with offices in Emmett, Idaho and Gooding, Idaho. Jay J. Kiiha is a partner in CLG and is admitted to the U.S. District Court for the District of Idaho and the US Court of Appeals for the Ninth Circuit. Mr. Kiiha's practice emphasizes federal criminal, appellate work, complex civil litigation, natural resources and administrative licensing matters.

The Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

Because the Cox satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Cox respectfully requests that this Court: (1) consolidate the related cases; (2) appoint him as Lead Plaintiff pursuant 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve his selection of Hagens Berman as Lead Counsel and CLG as Liaison Counsel.

DATED:  April 2, 2012          Respectfully submitted,

                              CAPITOL LAW GROUP PLLC

                              By          /s/ Jay J. Kiiha
                                      JAY J. KIIHA, WSBA # 43830, ISB # 6763

                              Jay J. Kiiha
                              CAPITOL LAW GROUP PLLC
                              PO Box 2598
                              205 N. 10th Street
                              Boise, Idaho 83702
                              Telephone: (208) 424-8872

---

[20] *See* Kathrein Decl., Ex. D.

Facsimile: (208) 424-8874
jkiiha@capitollawgroup.com

*[Proposed] Liaison Counsel for Movant Buddy Cox*

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein
Peter E. Borkon
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

*[Proposed] Lead Counsel for Movant Buddy Cox*

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.



                                             /s/ Jay J. Kiiha
                                             JAY J. KIIHA