THOMAS G. WALKER (ISB NO. 1856)
COSHO HUMPHREY, LLP
P.O. Box 9518
Boise, Idaho 83707-9518
Direct telephone: (208) 639-5607
Cell phone: (208) 869-1508
Firm Facsimile: (208) 338-3290
twalker@cosholaw.com

MARC I. GROSS
JEREMY A. LIEBERMAN
POMERANTZ HAUDEK GROSSMAN & GROSS, LLP
100 Park Avenue, 26th Floor
New York, NY 10017-5516
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRICKLAYERS OF WESTERN PENNSYLVANIA PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>HECLA MINING COMPANY, PHILLIPS S. BAKER, JR., and JAMES A. SABALA,<br><br>      Defendants. | **No. 2:12-cv-042-BLW**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL** |
| JOSEPH S. VITA 2001 REVOCABLE TRUST and JOSEPH S. VITA IRA, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>HECLA MINING COMPANY, PHILLIPS S. BAKER, JR., and JAMES A. SABALA,<br><br>      Defendants. | **No. 2:12-cv-067-EJL-REB** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

James R. Holton ("Holton") and Michael Schneider ("Schneider") respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Holton and Schneider as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired securities of Hecla Mining Company ("Hecla" or the "Company") during the Class Period; (3) approving their selection of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel and Cosho Humphrey, LLP ("Cosho") as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

At least two class action lawsuits[1] have been filed in the District of Idaho.   Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Holton and Schneider believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiffs in this action. Holton and

---

[1] The actions are entitled: *Bricklayers of Western Pa. Pension Plan v. Hecla Mining Co.*, 2:12-cv-042-BLW; and *Joseph S. Vita 2001 Revocable Trust v. Hecla Mining Co.*, 2:12-cv-067-EJL-REB.  The actions are on behalf of all persons and entities that purchased or otherwise acquired Hecla securities during the period between October 26, 2010 and January 11, 2012 (the "Class Period").

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

Schneider have the largest financial interest in the relief sought in this action by virtue of their substantial investments in Hecla during the Class Period, and the losses they suffered as a result of Defendants' misconduct.  Holton and Schneider further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of the other Class members. Accordingly, Holton and Schneider respectfully submit that they should be appointed Lead Plaintiffs.

<strong>STATEMENT OF FACTS</strong>

Hecla develops, explores, and mines precious metals, gold and silver.  The Company has operations in the United States and Mexico.

On January 11, 2012, Hecla disclosed that Mine Safety and Health Administration had ordered the Silver Shaft at the Lucky Friday mine closed due to the build-up of sand and concrete material over a number of years in the shaft. On these revelations, Hecla shares declined $1.23 per share or 21%, to close at $4.61 per share on January 11, 2012.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company was not in compliance with safety regulations at its Lucky Friday mine; (2) the Company had allowed sand and concrete material to build up in the Silver Shaft over a period of years, creating a safety hazard; (3) following the December closure, the Company would be unable to reestablish mining operations at the Lucky Friday mine by February 2012; (4) the Company improperly accounted for its contingent liabilities in violation of Generally Accepted Accounting Principles; and (5) as a result of the foregoing, the

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

Company's statements were materially false and misleading at all relevant times concerning the Company's operations and its expected silver production.

## ARGUMENT

### I.   CONSOLIDATION IS APPROPRIATE

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…."  *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all relate to, among other things, the Company's noncompliance with safety regulations at its Lucky Friday mine**.**  Accordingly, consolidation of the related actions is appropriate pursuant to Fed. R. Civ. P. 42(a).  *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions which alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

II.     **HOLTON AND SCHNEIDER**
        **SHOULD BE APPOINTED LEAD PLAINTIFFS**

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Holton and Schneider satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

### A.      Holton and Schneider Are Willing to Serve as Class Representatives

On February 1, 2012, counsel in the *Bricklayers* action caused a notice to be published over Business Wire pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Hecla securities that they had until April 2, 2012, to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of the Motion by James R. Holton and Michael Schneider for Consolidation, Appointment as Lead Plaintiffs and Approval of Lead and Liaison Counsel ("Lieberman Decl."), Ex. A.

Holton and Schneider have filed the instant motion pursuant to the Notice, and have attached certifications attesting that they are willing to serve as class representatives for the Class and provide testimony at depositions and trial, if necessary. *See* Lieberman Decl., Ex. B.

### B.      Holton and Schneider Have The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Holton and Schneider believe that they have the largest financial interest of any of the Lead Plaintiff movants.  Schneider (1) purchased 1,439,909 shares of Hecla securities; (2) spent $11,661,130 on his purchases of Hecla securities; (3) retained 84,677 shares of Hecla securities at the end of the Class Period; and (4) suffered a loss of $689,681.  Holton (1) purchased 57,000 shares and 852 call options of Hecla securities; (2) spent $517,346 on his purchases of Hecla securities; (3) retained 57,000 Hecla shares at the end of the Class Period; and (4) suffered a loss of $224,798.  In total, Holton and Schneider

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

suffered losses of approximately $914,479.  *See* Lieberman Decl., Ex. C. *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).  Because Holton and Schneider possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Holton and Schneider Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *Olsten*, 3 F. Supp. 2d at 296.

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *In re Micron Techs, Inc. Secs. Litig.*, 247 F.R.D. 627, 632 (D. Idaho 2007) (citations omitted). *See Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999) (holding that typicality is met when the named representative's claims have the "same essential characteristics as the claims of the class at large."). "The test of typicality is whether other [class] members have the same or similar injury" as the proposed lead plaintiffs. *Lewis v. First Am. Title Ins. Co.*, 265 F.R.D. 536, 556 (D. Idaho 2010) (citations omitted). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Danis*, 189 F.R.D. at 395.

Holton and Schneider's claims are typical of those of the Class. They allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Hecla, or omitted to state material facts necessary to make the statements they did make not misleading. Holton and Schneider, as did all members of the Class, purchased Hecla securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosures of the true state of the Company's finances and business prospects. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).  *See Lewis*, 265 F.R.D. at 557.

Holton and Schneider are adequate representatives for the Class. There is no antagonism between their interests and those of the Class and their losses demonstrate that they have sufficient interest in the outcome of this litigation.  Furthermore, they have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

     **D.**    **Holton and Schneider Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing Holton and Schneider as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Their ability and desire to fairly and adequately represent the Class have been discussed above.  Holton and Schneider are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class.  Accordingly, Holton and Schneider should be appointed Lead Plaintiffs for the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

### III.     LEAD PLAINTIFFS' SELECTION OF <u>COUNSEL SHOULD BE APPROVED</u>

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v)..  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Holton and Schneider have selected the Pomerantz law firm as Lead Counsel and the Cosho law firm as Liaison Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Lieberman Decl., Exhibit D.  Similarly, the Cosho law firm has acted as liaison counsel and successfully prosecuted federal securities class actions. *See* Lieberman Decl., Ex. E. As a result of each firm's extensive experience in litigation involving issues similar to those raised in this action, their counsel have the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Holton and Schneider's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

<u>CONCLUSION</u>

For the foregoing reasons, Holton and Schneider respectfully request the Court to issue an Order (1) consolidating the related actions; (2) appointing Holton and Schneider as Lead Plaintiffs for the Class; (3) approving the Pomerantz law firm as Lead Counsel and the Cosho

10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

law firm as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   April 2, 2012

                                        Respectfully submitted,

                                        POMERANTZ HAUDEK
                                         GROSSMAN & GROSS LLP

                                        By: /s/ Jeremy A. Lieberman
                                        Marc I. Gross
                                        Jeremy A. Lieberman
                                        100 Park Avenue
                                        New York, New York 10017
                                        Telephone: (212) 661-1100
                                        Facsimile: (212) 661-8665

                                        COSHO HUMPHREY, LLP

                                        Thomas G. Walker
                                        800 Park Blvd., Suite 790
                                        P.O. Box 9518
                                        Boise, Idaho 83707-9518
                                        Direct telephone: (208) 639-5607
                                        Cell phone: (208) 869-1508
                                        Firm Facsimile: (208) 338-3290
                                        twalker@cosholaw.com

                                        *Counsel for Proposed Lead Plaintiffs and Proposed Lead and Liaison Counsel for the Class*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**

CERTIFICATE OF SERVICE

This is to certify that I have filed the above and foregoing ***Memorandum of Points and Authorities In Support of the Motion by Holton and Schneider For Consolidation, Appointment As Lead Plaintiffs and Approval of Lead and Liaison Counsel*** on the Court's CM/ECF electronic filing system, and that by virtue of this filing, a true and copy of the same was served by CM/ECF to the parties registered to the Court's CM/ECF system for this Action.

SO CERTIFIED this 2nd day of April, 2012.

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman

POMERANTZ HAUDEK GROSSMAN
& GROSS LLP
100 Park Avenue, 26th Floor
New York, NY  10017
Tel: (212) 661-1100
Facsimile: (212) 661-8665

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION BY JAMES R. HOLTON AND MICHAEL SCHNEIDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL**