# EXHIBIT C

Philip Gordon ISBN 1996
Bruce S. Bistline ISBN 1988
GORDON LAW OFFICES
623 West Hays Street
Boise, ID 83072
Telephone: (208) 345-7100
Facsimile: (208) 345-0050
E-mail: pgordon@gordonlawoffice.com

*[Proposed] Liaison Counsel for [Proposed] Lead Plaintiffs*

MOTLEY RICE LLC
James M. Hughes (*pro hac vice*)
Ann K. Ritter (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9440
E-mail: jhughes@motleyrice.com
E-mail: aritter@motleyrice.com

*[Proposed] Lead Counsel for [Proposed] Lead Plaintiffs*

*Additional Counsel listed in Signature Page*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRICKLAYERS OF WESTERN PENNSYLVANIA PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HECLA MINING COMPANY, PHILLIP S. BAKER, JR. and JAMES A. SABALA,<br><br>Defendants. | Case No. 1:12-cv-00042-BLW<br><br>CLASS ACTION<br><br>**DECLARATION OF CLAUDE KREMER IN SUPPORT OF THE MOTION OF INSTITUTIONAL INVESTORS APPOINTMENT AS LEAD PLAINTIFF** |

| | |
|---|---|
| JOSEPH S. VITA 2001 REVOCABLE TRUST and JOSEPH S. VITA IRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HECLA MINING COMPANY, PHILLIP S. BAKER, JR. and JAMES A. SABALA,<br><br>Defendants. | Case No. 2:12-cv-00067-BLW<br><br>CLASS ACTION |

**TABLE OF CONTENTS**

Page

I.   PERSONAL QUALIFICATIONS ................................................................................ 3

II.  SCOPE OF OPINION ................................................................................................. 3

III. RELEVANT STATUTES ........................................................................................... 3

IV.  BODY OF THE OPINION ......................................................................................... 4

    A. Preliminary ............................................................................................................ 4

    B. Opinion .................................................................................................................. 4

        1. Scope of this opinion: Luxembourg UCIs ...................................................... 4

        2. Legal forms of Luxembourg UCIs .................................................................. 5

            i. UCIs of the contractual type: FCP ............................................................ 5

        3. Authority to file a lawsuit on behalf of a Luxembourg UCI .......................... 6

    C. Qualifications ........................................................................................................ 6

I, **Claude Kremer**, hereby declare as follows:

## I. PERSONAL QUALIFICATIONS

1. I am partner and head of Investment Management of Arendt & Medernach where I specialize in investment and pension fund work.

2. I have been a member of the Luxembourg Bar since 1982.

3. I am currently president of the European Fund and Asset Management Association ("EFAMA"). I was also chairman of the board of directors of the Association of the Luxembourg Fund Industry ("ALFI") between May 2007 and June 2011. I am also a member of the International Fiscal Association ("IFA"), the International Bar Association ("IBA") and former vice-chair of its Committee I1 (Specialized Investment Funds). I am a member of the advisory boards on investment funds, securities and pension funds with the *Commission de Surveillance du Secteur Financier*, the regulatory authority of the financial sector in Luxembourg.

4. I am co-author of a book entitled "*Les organismes de placement collectif en droit luxembourgeois*" (Undertakings for Collective Investment under Luxembourg Law), Larcier, Brussels, 2nd edition, 2007. I am also a lecturer in fund law at the University of Luxembourg.

5. I hold Master's degrees in law and in history from Université Pierre Mendès France de Grenoble (France) and a Master's degree in accounting and finance from the London School of Economics and Political Science (U.K.).

6. My detailed curriculum vitae is attached as Exhibit A to this declaration.

## II. SCOPE OF OPINION

I have been asked by counsel for LRI Invest S.A. ("LRI") to express my opinion regarding:

7. The determination of the persons or entities having the authority to file a lawsuit on behalf of a specific Luxembourg undertaking for collective investment ("UCI").

## III. RELEVANT STATUTES

8. I have considered the following statutes in preparing this opinion:

    - Luxembourg law dated 17 December 2010 on UCI, as amended (the "2010 Law"): Article 89 and Article 90 (attached, with unofficial English translation, as Exhibit B).

    - Chapter B of the IML Circular 91/75 dated January 1991 (attached, with unofficial English translation, as Exhibit C) on the Revision and remodeling of

the rules to which Luxembourg undertakings governed by the Law of 30th March, 1988 on UCI are subject to.

## IV. BODY OF THE OPINION

### A. PRELIMINARY

9. This Opinion is confined to matters of Luxembourg Law. Accordingly, I express no opinion with regard to any system of law other than Luxembourg Law. In particular:

   a) I express no opinion (i) on public international law or on the rules of or promulgated under any treaty or by any treaty organization (except rules implemented into Luxembourg Law) or, except as specifically set out herein, on any taxation laws of any jurisdiction (including Luxembourg) and (ii) with regard to the effect of any systems of law (other than Luxembourg Law) even in cases where, under Luxembourg Law, any foreign law should be applied, and I therefore assume that any applicable law (other than Luxembourg Law) would not affect or qualify the opinions as set out below.

   b) This opinion speaks as of the date hereof. No obligation is assumed to update this opinion or to inform any person of any changes of law or other matters coming to my knowledge and occurring after the date hereof, which may affect this opinion in any respect.

10. This opinion is given on the basis that it will be governed by and construed in accordance with the laws of the Grand Duchy of Luxembourg ("Luxembourg") and that Luxembourg courts have exclusive jurisdiction for any action brought on the basis of this opinion.

### B. OPINION

#### 1. Scope of this opinion: Luxembourg UCIs

11. The scope of this opinion is limited to the determination of the persons or entities having the authority to file a lawsuit on behalf of a Luxembourg UCI described in the attached prospectus (exhibit E) under the denomination M & W Privat Sondervermögen (the "Fund").

12. The Fund is governed by the 2010 Law.

   - UCIs governed by the 2010 Law are defined as being undertakings (i) the activity of which comprises the collective investment of capital, (ii) the capital of which has been raised from the public, and (iii) the investments of which are made in accordance with the principle of risk-spreading.[1] The 2010 Law has replaced the

---

[1] Chapter B of the IML Circular 91/75 dated 21 January 1991, the main purpose of which was to clarify the provisions of the Luxembourg law dated 30 March 1988 (which law has been replaced by the 2002 Law that has

Luxembourg law dated 20 December 2002 on UCIs (the "2002 Law"); the 2010 Law applies to all retail UCIs, including those created before the 2010 Law was enacted.

### 2. Legal forms of Luxembourg UCIs

13. Any type of Luxembourg UCIs may be set up under two different legal forms: (i) UCIs of the contractual type, commonly referred to as mutual funds (in French: "fonds commun de placement" or "FCP") and (ii) UCIs of the corporate type, commonly referred to as investment companies. Investment companies can have either a variable share capital (in which case they are referred to in French as "société d'investissement à capital variable" or "SICAV") or a fixed share capital (in which case they are referred to in French as "société d'investissement à capital fixe" or "SICAF").

14. The Fund is a FCP.

#### i. UCIs of the contractual type: FCP

15. A FCP is defined by Luxembourg law as being an undivided collection of assets made up and managed according to the principle of risk-spreading on behalf of joint owners who are liable only up to the amount contributed by them and whose rights are represented by units.[2] A FCP does not have any legal personality.

16. Having no legal personality, each FCP must be managed by a management company.[3] A management company is "any company, the regular business of which is the management of [UCIs] in the form of common funds or of investment companies (collective portfolio management of [UCIs])."[4] The Fund has appointed LRI to act as its management company.

17. LRI has the authority to manage the Fund and its assets on a day-to-day basis, including – but not limited to – investment decisions, administration and distribution of the Fund. LRI manages the Fund in accordance with Luxembourg law, the Fund's prospectus as well as the Fund's management regulations and in the exclusive interest of the unitholders. In this respect, LRI acts in its own name, but indicates that it is acting on behalf of the Fund. In accordance with Article 14 (3) and Article 90 of the 2010 Law (Exhibit B), LRI exercises all the rights attached to the securities which comprise the portfolio of the FCP.

18. As mentioned above, the Fund does not have any legal personality. Therefore, it cannot itself enter into agreements or take any legal actions, nor are the unitholders

---

been replaced in turn by the 2010 Law). The definition of the meaning of a UCI, set out in Chapter B of the IML Circular 91/75, equally applies to UCIs governed by the 2010 Law (Exhibit C).
[2] Article 89(1) of the 2010 Law (Exhibit B).
[3] Article 89(2) of the 2010 Law (Exhibit B).
[4] Article 2 (1) item (b) of the EU Directive 2009/65/EC (Exhibit D).

DECL. OF CLAUDE KREMER IN SUPP. OF THE
MOT. OF INSTITUTIONAL INVESTORS FOR
APPOINTMENT AS LEAD PLAINTIFF

vested by Luxembourg law with the power to manage and administer the Fund. Such power is granted exclusively to LRI as management company, i.e. LRI is the only party which may enter into agreements or take legal actions on behalf of the Fund. "It [acts] in its own name, but [indicates] that it is acting on behalf of the FCP."[5] In accordance with Article 14 (1) in connection with Article 90 of the 2010 Law (Exhibit B), LRI's authority is only limited by the duty to act "in accordance with the management regulations and in the exclusive interest of the unitholders."[6]

19. No other party has the power to enter into agreements or take legal actions on behalf of the Fund, unless such other party is specifically authorized by LRI. In particular, individual unitholders do not have the power to take investment decisions, to enter into agreements or to take legal action on behalf of the Fund.

20. The authority given by virtue of Luxembourg law to LRI to manage the Fund also includes the authority to represent the Fund towards third parties. Given that the Fund does not have legal personality, such representation is slightly different from a true agency relationship (contrat de mandat), in the sense that LRI does not act in the name and on behalf of the Fund, but rather in its own name and on behalf of the Fund[7].

21. Pursuant to Luxembourg law, the unitholders of the Fund do not have voting rights, nor do they have the right to give any instructions to LRI. The latter is not required to ask for the unitholders' consent prior to take any actions.

### 3. Authority to file a lawsuit on behalf of a Luxembourg FCP

22. Based on the foregoing, the authority to file a lawsuit on behalf of a given Luxembourg FCP rests with the FCP's management company, meaning with LRI acting on behalf of the Fund.

23. LRI is entitled to delegate to a third party the power to file a lawsuit on behalf of the Fund. Any such delegation must however be made on the basis of a specific power of attorney. LRI may also assign to a third party the power to file a lawsuit on behalf of the Fund, provided that the Fund receives due consideration for such assignment (such due consideration possibly consisting in the proceeds of the lawsuit).

### C. QUALIFICATIONS

24. The opinions expressed above are subject to the following qualification:

25. Luxembourg legal concepts are expressed in English terms and not in their original French terms. The concepts concerned may not be identical to the concepts described by the same English terms as they exist in the laws of other jurisdictions. This

---

[5] Articles 14 (2) and 90 of the 2010 Law (Exhibit B).
[6] Please see also Article 2 (2) of the Fund's management regulations (Exhibit E).
[7] Article 2 (2) of the Fund's management regulations (Exhibit E).

      Opinion may, therefore, only be relied upon on the express condition that any issues of interpretation or liability arising thereunder will be governed by Luxembourg Law and be brought before a court in Luxembourg;

26. References in this opinion to the laws of Luxembourg include all statutes and regulations of Luxembourg legislative and regulatory authorities, and all applicable opinions, judgments and orders of Luxembourg courts and all orders and decrees of Luxembourg legislative and regulatory authorities, to the extent such opinions, judgments, orders and decrees respectively have been made public.

27. This opinion is addressed to the United States District Court, District of Idaho, in re *Bricklayers of Western Pennsylvania Pension Plan v. Hecla Mining Co.*, No. 1:12-cv-00042-BLW. It is not to be transmitted to any other person (other than the parties to the aforementioned action, as well as their legal adviser(s)) nor is it to be relied upon by any other person verified or for any other purpose quoted or referred to in any public document or filed with any governmental agency or other person without my consent. This Opinion is strictly limited to the matters stated herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and accurately sets forth my opinions on the matters discussed.

Dated: May 11, 2012

_____
Claude Kremer (declarant)