**FARUQI & FARUQI, LLP**
Richard W. Gonnello (admitted *pro hac vice*)
rgonnello@faruqilaw.com
Francis P. McConville
fmcconville@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel: (212) 983-9330
Fax: (212) 983-9331

*Attorneys for Movants Jeffrey A. Farkas*
*and David G. Ray and Proposed Lead*
*Counsel for the Class*

**SEINIGER LAW OFFICES, P.A.**
Wm. Breck Seiniger, Jr., ISBN 2387
wbs@seinigerlaw.com
942 Myrtle Street
Boise, Idaho 83702
Tel: (208) 345-1000
Fax: (208) 345-4700

*Liaison Counsel for Jeffrey A. Farkas*
*and David G. Ray*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| BRICKLAYERS OF WESTERN PENNSYLVANIA PENSION PLAN, Individually And On Behalf of All Others Similarly Situated, | Case No. 2:12-cv-00042-BLW |
| Plaintiff,<br>v. | **REPLY OF JEFFREY A. FARKAS AND DAVID G. RAY TO COMPETING LEAD PLAINTIFF MOTIONS** |
| HECLA MINING COMPANY, PHILLIPS S. BAKER, JR. and JAMES A. SABALA,<br><br>Defendants. | |

*[Captioned Continued on Next Page]*

| | |
|---|---|
| JOSEPH S. VITA 2001 REVOCABLE TRUST and JOSEPH S. VITA IRA, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                            Plaintiff,<br>      v.<br><br>HECLA MINING COMPANY, PHILLIPS S. BAKER, JR. and JAMES A. SABALA,<br><br>                           Defendants. | Case No. 2:12-cv-00067-BLW |

As set forth in prior briefing, Jeffrey A. Farkas ("Farkas") and David G. Ray ("Ray")

oppose the motion of HIG 2[1] because two of HIG 2's members – David Quist and Peter Quist –

are atypical and inadequate to represent the Class given that the majority of their losses stemmed

from trading Hecla call option contracts.  Farkas & Ray Response Br., at 3-7.  By contrast,

Farkas and Ray do not oppose the motion of the Institutional Investors because they do not suffer

from the same deficiencies.  *Id.* at 3, 7.

Farkas and Ray file this reply memorandum solely to address the issues raised by the

Carpenters Pension Fund of West Virginia (the "Carpenters Pension Fund") and HIG 2 in their

opposition briefs concerning the ability of Farkas and Ray to serve as lead plaintiffs: (1) the

Carpenters Pension Fund argues that Farkas and Ray lack "cohesiveness" as group members;[2]

and (2) HIG 2 argues that "Farkas's trading pattern . . . can raise challenges to typicality and

raise a unique defense regarding lack of reliance on material misstatements and omissions."[3]

First, under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Farkas

and Ray are a proper "group of persons"[4] to serve as lead plaintiffs because they submitted

sworn certifications and declarations evincing their typicality and ability to adequately represent

the Class.  *See* ECF Nos. 17-2, 17-5.  In fact, their "submitted sworn declarations detail[ed] their

investments . . . during the class period and demonstrate[ed] their willingness to represent the

---

[1]    Capitalized terms not otherwise defined herein shall have the same meaning as those found in the Response of Jeffrey A. Farkas and David G. Ray to Competing Lead Plaintiff Motions ("Farkas & Ray Response Br."), ECF No. 52.  All ECF references herein shall refer to the *Bricklayers of Western Pennsylvania Pension Plan v. Hecla Mining Co.*, No. 2:12-cv-00042-BLW docket, unless otherwise noted.

[2]    ECF No. 60, at 8.

[3]    ECF No. 61, at 18-19 (quotation omitted).

[4]    *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (allowing the appointment of groups as lead plaintiff).

1

class. . . . The declarations [also] detail[ed] their backgrounds, investment experience, their willingness and agreement to act as a cohesive group, their intention to regularly consult with each other regarding conduct of this lawsuit, their process for sharing information and decision-making, how decisions will be made between them and how their counsel will be overseen." *Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 U.S. Dist. LEXIS 93614, at *18 (W.D. Wash. Aug. 2, 2010) (appointing a group of investors as lead plaintiff); *cf. Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *25 (D. Idaho Feb. 24, 2011) (refusing to appoint a group of investors that failed to provide *any* evidence of cohesion); *In re Atlas Mining Co. Sec. Litig.*, No. CV-07-428-N-EJL-MHW, 2008 U.S. Dist. LEXIS 24201, at *15-16 (D. Idaho Mar. 25, 2008) (same).

Furthermore, Farkas and Ray have a significantly greater financial interest in the litigation individually than the Carpenters Pension Fund does. *Compare* ECF Nos. 17-3, 17-4 (listing Farkas's losses as $570,573.20 (FIFO) / $250,685.77 (LIFO) and Ray's losses as $125,565.10 (LIFO or FIFO)), *with* ECF No. 24-1, at 6 (listing the Carpenter Pension Fund's losses at $17,143.65 under either LIFO or FIFO). Thus, since Farkas and Ray also moved individually for appointment as lead plaintiff, ECF No. 12-1, at 6 n. 3, each would be entitled to invoke the PSLRA's most adequate plaintiff presumption and be appointed lead plaintiff ahead of the Carpenters Pension Fund. *See Niederklein*, 2011 U.S. Dist. LEXIS 18247, at *24-26 (refusing to consider individual members of a group for appointment as lead plaintiff where the group's members had failed to move for appointment individually).

Second, HIG 2's argument that Farkas's high-volume stock trading somehow renders him atypical under Rule 23 and subject to unique defenses fails because HIG 2 has not provided *any* evidence to support its position. *See Schueneman v. Arena Pharms., Inc.*, No. 10cv1959

2

BTM(BLM), 2011 U.S. Dist. LEXIS 87373, at *22-23 (S.D. Cal. Aug. 8, 2011) (concluding that

"absent evidence that [movant] did not rely on the market price of the shares . . . the Court will

not [find movant inadequate] based on the level of [movant's] trading activity"); *Pirelli

Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co, Inc.*, 229 F.R.D 395, 415

(S.D.N.Y. 2004) (concluding that "a massive day-trading operation – using program trading to

dart in and out of NYSE stocks in small trades, thousands of times a day," absent "any specific

showing as to why transactions by day-traders or in-and-out traders should be disregarded or

discounted" did "not suffice to establish that [day trading plaintiff] [was] subject to a unique

defense").

Indeed, courts have routinely found high frequency traders typical and adequate to serve

as lead plaintiff.  *See, e.g.*, *Schueneman*, 2011 U.S. Dist. LEXIS 87373, at *22 (appointing high-

volume trader as lead plaintiff because the "Court agree[d] with the cases that h[e]ld that a

plaintiff's status as a purported 'day trader' is not enough in and of itself to rebut the

presumption of adequacy"); *see also In re Regions Morgan Keegan Closed-end Fund Litig.*, No.

07-02830, 2010 U.S. Dist. LEXIS 132902, at *30-32 (W.D. Tenn. Dec. 15, 2010) (rejecting

arguments that "frequent trading activity will subject [movant] to unique defense[s]"); *In re Host

Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 108 (D. Conn. 2006) (appointing a high-volume trader as

lead plaintiff, in part, because "the fact that a candidate for lead plaintiff engaged in day-trading

does not necessarily render that individual or entity atypical or inadequate at representing the

class").

For the foregoing reasons as well as those set forth previously, should the Institutional

Investors be unable to serve as Lead Plaintiffs, Farkas and Ray respectfully request that the

Court: (1) appoint Farkas and Ray as Lead Plaintiffs of the Actions; (2) approve the selection of

the Faruqi Firm as Lead Counsel for the Class; and (3) grant any other relief as the Court may

deem just and proper.

Dated:  May 21, 2012

Respectfully submitted,

By:  */s/ Richard W. Gonnello*

**FARUQI & FARUQI, LLP**
Richard W. Gonnello (admitted *pro hac vice*)
rgonnello@faruqilaw.com
Francis P. McConville
fmcconville@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel: (212) 983-9330
Fax: (212) 983-9331

*Attorneys for Movants Jeffrey A. Farkas and David
G. Ray and Proposed Lead Counsel for the Class*

**SEINIGER LAW OFFICES, P.A.**
Wm. Breck Seiniger, Jr., ISBN 2387
wbs@seinigerlaw.com
942 Myrtle Street
Boise, Idaho 83702
Tel: (208) 345-1000
Fax: (208) 345-4700

*Liaison Counsel for Jeffrey A. Farkas and
David G. Ray*

4