Philip Gordon ISBN 1996
Bruce S. Bistline ISBN 1988
GORDON LAW OFFICES
623 West Hays Street
Boise, ID  83702
Telephone:  208/345-7100
208/345-0050 (fax)
E-mail:  pgordon@gordonlawoffice.com

[Proposed] Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

NORTHERN DIVISION

| | |
|---|---|
| BRICKLAYERS OF WESTERN PENNSYLVANIA PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HECLA MINING COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Lead Case No. 2:12-cv-00042-BLW<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>CARPENTERS PENSION FUND OF WEST VIRGINIA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL |

710764_1

Proposed lead plaintiff Carpenters Pension Fund of West Virginia ("West Virginia") submits this reply memorandum in further support of its motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), and approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.  *See* Dkt. No. 24.

I.     **INTRODUCTION**

On May 14, 2012, only four of the seven initial lead plaintiff movants filed substantive opposition memoranda: (i) West Virginia; (ii) LRI Invest S.A. and City of Atlanta General Employees' Pension Fund ("Institutional Investor Group"); (iii) individual investors Peter M. Quist and David W. Quist, who have joined together with Cambria County Employees' Retirement System ("Quist and Cambria Group"); and (iv) individual investors Jeffrey A. Farkas and David G. Ray ("Farkas and Ray Group").  Of those who filed opposition memoranda, all agree that, pursuant to the PSLRA, the presumptively "most adequate plaintiff" is the movant that both (1) "has the largest financial interest in the relief sought by the class," *and* (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  Nor is there any real dispute that, to be appointed, a lead plaintiff must be free of "unique defenses" that could later jeopardize the class's interests. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb).  Thus, in the instant case, West Virginia should be appointed lead plaintiff because it is the only movant with the requisite financial interest in the relief sought by the class that also "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Additionally, no movant has raised any unique defenses that could be levied against West Virginia.

710764_1

## II.     ARGUMENT

### A.     West Virginia Is the "Most Adequate Plaintiff"

West Virginia possesses a *bona fide* financial interest in the relief sought by the class and there is no question that West Virginia satisfies Rule 23's typicality and adequacy requirements. As such, West Virginia is entitled to the "most adequate plaintiff" presumption under the PSLRA and should be appointed lead plaintiff.

In challenging West Virginia's appointment as lead plaintiff, the competing movants argue that the size of West Virginia's loss is insufficient. A movant's financial interest, however, is not the only metric by which to compare the competing movants. *See In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003) (A "movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class."). Indeed, a movant must also satisfy Rule 23's typicality and adequacy requirements. *Cavanaugh*, 306 F.3d at 729. And here, no movant has ventured to even suggest that West Virginia "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

West Virginia satisfies the PSLRA's requirements for appointment as lead plaintiff and its motion should be granted. West Virginia should be appointed lead plaintiff.

### B.     The Competing Movants Should Not Be Appointed as Lead Plaintiff

While the competing movant groups each claim larger financial interests, they are not the "presumptively most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730. Indeed, "a group is not entitled to presumptive lead plaintiff status **unless** it 'otherwise satisfies' Rule 23." *In re Cendant Corp. Litig.*, 264 F.3d 201, 266-67 (3d Cir. 2001) (emphasis added and citation omitted). *See Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999) ("Even if a candidate has

- 2 -

the largest financial interest in a case, it is not the presumptive Lead Plaintiff unless it 'otherwise satisfies the requirements of Rule 23. . . .'") (citation omitted).

Here, the Quist and Cambria Group claims a financial interest comprised largely of losses from options transactions that are not a part of this action, and it has failed to satisfy the threshold standing requirement because neither the trust nor the trustee responsible for the bulk of those options transactions is a movant. *See* Memorandum of Law in Further Support of Carpenters Pension Fund of West Virginia's Motion for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel and in Opposition to Competing Motions ("Opposition") (Dkt. No. 60) at §II.C.1.; *see also In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 U.S. Dist. LEXIS 59465 at *17-18 (N.D. Cal. Apr. 27, 2012) (declining to appoint group and finding "a substantial likelihood that a unique defense could be raised against a member of the [group]" because movant was "not actually the legal entity who held the account on which her calculation of losses is based").

Additionally, the Quist and Cambria Group, as well as the Institutional Investor Group and the Farkas and Ray Group, appear to have been compiled by their respective counsel to assemble the largest loss. *See* Opposition at §II.C.2. Where, as here, "a group does not have a pre-existing relationship, appointing that group as lead plaintiff would not best serve the class." *In re Atlas Mining Co. Sec. Litig.*, No. 07-428-N-EJL-MHW, 2008 U.S. Dist. LEXIS 24201, at *16 (D. Idaho Mar. 25, 2008).

In the end, the competing movant groups do not satisfy the PSLRA's requirements for appointment as lead plaintiff. Their motions should be denied.

## III. CONCLUSION

For all of the foregoing reasons, and those set forth in West Virginia's opening motion and opposition memorandum, West Virginia respectfully requests that this Court enter an order: (1)

- 3 -

710764_1

appointing it to serve as lead plaintiff; (2) approving its selection of Robbins Geller as lead counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED: May 21, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: bomara@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: johng@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

GORDON LAW OFFICES
Philip Gordon ISBN 1996
Bruce S. Bistline ISBN 1988
623 West Hays Street
Boise, ID 83702
Telephone: 208/345-7100
208/345-0050 (fax)
E-mail: pgordon@gordonlawoffice.com

[Proposed] Liaison Counsel

- 4 -

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 21, 2012.

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:   bomara@rgrdlaw.com

710764_1

## Mailing Information for a Case 2:12-cv-00042-BLW

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  rabadou@ktmc.com,knguyen@ktmc.com,arobles@ktmc.com

- **Albert P Barker**
  apb@idahowaters.com,brs@idahowaters.com,sle@idahowaters.com

- **Bruce S Bistline**
  bbistline@gordonlawoffices.com

- **William F Boyd**
  firm@ramsdenlyons.com

- **Richard W Gonnello**
  rgonnello@faruqilaw.com

- **Philip Howard Gordon**
  pgordon@gordonlawoffices.com,bbistline@gordonlawoffices.com

- **James M Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jay J Kiiha**
  jkiiha@capitollawgroup.com,tsawin@capitollawgroup.com,cpurchase@capitollawgroup.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com

- **Brian O O'Mara**
  bomara@rgrdlaw.com

- **Vincent I Parrett**
  vparrett@motleyrice.com

- **Joshua Z Rabinovitz**
  joshua.rabinovitz@kirkland.com,sandra.gentile@kirkland.com

- **Ann Kimmel Ritter**
  aritter@motleyrice.com

- **Benjamin Andrew Schwartzman**
  bschwartzman@bwslawgroup.com,smoss@bwslawgroup.com,jholder@bwslawgroup.com,jrose@bwslawgroup.com,dparker@bwslawgroup.com,ksavell@bwslawgroup

- **William Breck Seiniger , Jr**
  wbs@seinigerlaw.com,cade@idahorights.com

- **Jeffrey A Thomson**
  jat@elamburke.com,nlp@elamburke.com

- **Thomas G Walker**
  twalker@cosholaw.com,pcarson@cosholaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)